# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

JAMES WILLIAMS,                  )

                                          )

                Petitioner,      )

      vs.                         )  Case No. 2:14-cv-164-WTL-WGH

                                            )

DICK BROWN,                    )

                        Respondent.    )

## Entry Denying Petition for Writ of Habeas Corpus

The petition of James Williams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 13-10-0116. For the reasons explained in this Entry, Mr. Williams' habeas petition must be **denied**.

## I.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II.  The Disciplinary Proceeding

On October 26, 2013, Correctional Officer B. Bennett wrote a Report of Conduct that charged Mr. Williams with class A offense 102, Assault/Battery With a Weapon. The conduct report stated:

> On 10-26-13 at approx. 14:26 p.m. I c/o B. Bennett while working the right wing of FHU conducted a security check on the upper range. As I approached Cell F-418 I saw three offenders in the cell striking each other with closed fist. They were offenders Denning, James #119911 Cell F-413 and offender Williams, James #120637 Cell F-414. Both offenders were striking offender Bonner, Javon #967057 who lives in Cell F-418. I then called a 10-10 and ordered the offenders to stop. Offenders Williams and Denning ran out of the cell (418) and toward their own cells. Offender Williams ran to the shower where he was placed in mechanical restraints and seen by medical. All three offenders were covered in blood as well as Cell F-418. Offender Bonner was taken by ambulance to the hospital and later life lined to Indy.

Although the offense listed on the conduct report was Assault/Battery With a Weapon, the report does not refer to any weapon other than closed fists. The definition of class A offense 102, Assault/Battery, is "[c]omitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Photographs show Mr. Williams' shorts, shoes, and socks spattered with blood.

On November 1, 2013, Mr. Williams was notified of the charge of Assault/Battery when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Mr. Williams was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested to call offender James Denning as a witness, and did not request any physical evidence. Offender John Boroughs agreed to be Mr. Williams' lay advocate. The screening officer wrote down what Mr. Williams said Mr. Denning's testimony would be, making the changes noted as follows: "I/He was trying to make them/us stop." Mr. Denning provided a written statement that said Mr. Williams had nothing to do with the physical altercation between

Mr. Denning and the other offender and that Mr. Williams was trying to prevent them from fighting.

The hearing officer conducted the disciplinary hearing in WVD 13-10-0116 on November 5, 2013. Mr. Williams' comment was that he was trying to break the other two apart, and he had only two years left so why would he get involved in this. The hearing officer found Mr. Williams guilty of the charge Assault/Battery. In making this determination the hearing officer considered staff reports, Mr. Williams' statement, witness statements, pictures, and the confiscation form. The hearing officer imposed sanctions including a 365-day earned credit time deprivation and demotion from credit class 1 to credit class 3. The hearing officer imposed the sanctions because of the seriousness and frequency of the offense, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Williams' appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Williams' claims for habeas relief are: 1) there was insufficient evidence to support his conviction; and 2) he was improperly screened.

Mr. Williams' first claim challenges the sufficiency of the evidence, arguing that another offender, Mr. Denning, stated that Mr. Williams had nothing to do with the fight and that Mr. Williams was trying to break up the fight between the other two offenders. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be

arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, the conduct report established that Mr. Williams did participate in the fight. The officer observed Mr. Williams striking the other offenders with his fist. When the officer ordered the offenders to stop fighting, Mr. Williams and Mr. Denning ran out of the cell, and Mr. Williams ran to the shower. All three offenders were covered in blood. The conduct report itself constituted sufficient evidence to find Mr. Williams guilty of assault/battery. The hearing officer considered the witness statement and reasoned that Mr. Williams was guilty of the charge based on the photographic physical evidence and the officer's report. In the face of such conflicting evidence, it is not the Court's role to assess witness credibility or reweigh the evidence. *Hill,* 472 U.S. at 455 (in ascertaining whether the some evidence standard has been met, courts are not required to examine the entire record, independently assess witness credibility, or weigh the evidence); *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (same). There was no error in this regard.

Mr. Williams' second claim is that the screening officer improperly crossed out his statement on the screening report regarding the content of Mr. Denning's testimony, making it appear that Mr. Williams was involved in the fight. The screening officer wrote down what Mr. Williams said Mr. Denning's testimony would be, making the changes noted as follows: "I/He was trying to make them/us stop." The changes showed that it would be Mr. Denning's statement, not Mr. Williams' statement. Those changes did not alter Mr. Denning's actual statement that Mr. Williams "had nothing to do with the physical altercation…," which was considered at the hearing. Therefore, there was no harm or error in how the screening officer wrote the statement. Mr. Williams also alleges that the screening officer failed to document his requests for physical

evidence, including the weapon, photographs, and investigative interviews. He argues that he wanted to use the alleged weapon and photographs at the hearing to prove his innocence. There was no weapon alleged in the conduct report, but because the fight resulted in serious bodily injury, the offense was properly listed as class A offense 102, assault/battery with a weapon. In addition, the photographs of Mr. Williams' bloody clothes would not tend to show that he was innocent. He has not shown any prejudice from any alleged undocumented requests for physical evidence, *see Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and therefore, Mr. Williams' due process rights were not violated under these circumstances.

Mr. Williams was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Williams' due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  5/1/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

James Williams
DOC # 120637
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel